IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | No. 3:18-CR-568-K-02 |
| ) | |
| CORRIGAN BURRELL, ) | |
| BOP Register No. 54083-177, ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM OPINION AND ORDER

Defendant Corrigan Burrell pled guilty to and was convicted of possession of a firearm and ammunition by a convicted felon and conspiracy to distribute and to possess with intent to distribute a controlled substance and was sentenced to concurrent sentences of 50 months of imprisonment.

Burrell, 35, currently housed at FCI Seagoville and otherwise scheduled to be released from custody on February 9, 2022, now moves the Court to reduce his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), citing the ongoing COVID-19 pandemic. *See* Dkt. No. 103.

Under Section 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Federal Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after [1] considering the factors of 18 U.S.C. § 3553(a), if [2] 'extraordinary and compelling reasons warrant such a reduction,'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. §

3582(c)(1)(A)(i)); *see id.* at 693 n.1, and [3] the reduction or modification is "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A).

"The First Step Act, in clear language, specifies what a defendant must do before [filing] a motion for compassionate release in federal court. Specifically a defendant must submit a request to 'the [BOP] to bring a motion on the defendant's behalf.'" *United States v. Franco*, ___ F.3d ____, No. 20-60473, 2020 WL 5249369, at *2 (5th Cir. Sept. 3, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). Burrell attaches to the motion a request that he made to the BOP for release on compassionate grounds and includes the BOP's May 5, 2020 denial, informing Burrell that may appeal that decision. *See* Dkt. No. 103 at 28-29. While Burrell has provided evidence that he did submit a request to the BOP, he has not shown that he then appealed the denial of that request or otherwise "exhaust[ed] all BOP remedies." *Chambliss*, 948 F.3d at 692 (emphasis added). Regardless, the exhaustion requirement is not jurisdictional but a mandatory claim processing rule. *See Franco*, 2020 WL 5249369, at *2. Under the circumstances of this case, the Court will therefore consider the merits of Burrell's motion.

The policy statement applicable to compassionate release—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, ___ F. Supp. 3d ____, No. 4:09-CR-0199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing U.S.S.G. § 1B1.13(1)(A) & cmt. n.1). The circumstance applicable here is whether Burrell is currently "suffering from a

2

serious physical or medical condition ... that substantially diminishes [his] ability ... to provide self-care within the environment of a correctional facility and from which he ... is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). And "[t]he policy statement also requires that the defendant not pose a danger to the safety of the community." *Muniz*, 2020 WL 1540325, at *1 (citing U.S.S.G. § 1B1.13(2)).

Burrell cites his morbid obesity ("pushing almost 700 lbs.") along with "a litany of medical difficulties ranging from lymphedema, hypertension, gastritis, and an enlarged heart." Dkt. No. 103 at 30. The Court is familiar with Burrell's underlying health conditions. *See* Dkt. No. 75-1 (presentencing report), ¶¶ 56-59 (recounting that, among other things, Burrell "suffers from gastritis, hypertension, liver problems, [and] prediabetes" and, most applicable now, that Burrell, at least then, "weighs 650 pounds and needs gastric bypass surgery to reduce his weight" and "is afraid his obesity will lead to death").

Burrell also attaches to his motion recent medical records from Seagoville, reflecting that he has already contracted COVID-related pneumonia and recovered. *See* Dkt. No. 103 at 32-33.

Numerous federal district "courts have concluded that morbid obesity is an extraordinary and compelling reason justifying release during the COVID-19 pandemic." *E.g.*, *United States v. Campanella*, No. 18-cr-00328-PAB-12, 2020 WL 4754041, at *3 (D. Colo. Aug. 17, 2020) (collecting cases). And "the medical evidence is relatively clear that morbid obesity is one of the strongest risk factors for more severe

3

illness from COVID-19." *Id.* (citing *United States v. Jenkins*, ___ F. Supp. 3d ____, No. 99-cr-00439-JLK-1, 2020 WL 2466911, at *7 (D. Colo. May 8, 2020) (citing research showing that "the severity of COVID-19 illness increases with body mass index")).

While it appears that Burrell may have recovered once from the virus, given the documented spread of the virus at FCI Seagoville, *see* COVID-19, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (documenting more than 1,300 past infections at Seagoville) (last visited Sept. 16, 2020), reinfection remains probable at Seagoville (or any facility), despite BOP's best efforts.

The Court thus concludes that Burrell has established extraordinary and compelling reasons that warrant a sentencing reduction under Section 3582(c)(1)(A). The Court also finds that Burrell no longer poses a danger to the safety of the community. And, considering his remaining term of imprisonment, the Court further finds that a reduction is consistent with the Section 3553(a) factors and with any applicable Sentencing Commission policy statements.

The Court therefore **GRANTS** Defendant Corrigan Burrell's motion for compassionate release [Dkt. No. 103] and reduces his sentence to time served. And his previously imposed conditions of supervised release, *see* Dkt. No. 94 are unchanged.

**SO ORDERED.**

Signed September 16th, 2020.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE